[No. 10168.    Department Two.    July 29, 1912.]

L. V. M'WHORTER et al., Respondents, v. FORNEY BROTHERS & COMPANY, Appellant.[1]

HIGHWAYS—WHAT CONSTITUTES—PRESCRIPTION. Roads across unimproved arid lands become public highways by user, where they were well defined and commonly traveled for more than thirty years, the county officers repaired and improved them within the last five years, and the public used them continuously as public highways for many years.

VENDOR AND PURCHASER—INCUMBRANCES—RESCISSION BY VENDEE —HIGHWAYS. Public roads across a tract of land which are shown to be an injury and not a benefit to the land, decreasing the value $50 per acre, are incumbrances, and a purchaser is not thereby estopped to rescind the sale on account of knowledge of the roads, where he did not know that they had become public highways by prescription.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered July 1, 1911, upon findings in

[1]Reported in 125 Pac. 164.

favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Roberts & Udell* and *A. R. Peaks,* for appellant.

*Wende & Taylor,* for respondents.

MOUNT, J.—On January 26, 1910, plaintiffs and defendant entered into a written contract, by which the plaintiffs agreed to purchase from defendant twenty acres of land in Yakima county. The purchase price of the land was $5,500, $2,500 of which was paid in cash and the balance was to be paid in installments, $1,000 on or before one year, $1,000 on or before two years, and $1,000 on or before three years from the date of the contract, deferred payments to bear eight per cent interest per annum. Upon the payments being made, the defendant was to convey the land to the plaintiffs by a general warranty deed with an abstract of title.

In December of 1910, plaintiffs tendered the whole balance due, and demanded a deed as provided for in the contract. The defendant executed and tendered a deed, which the plaintiffs refused to accept for the reason that two public highways extended across the land, one of these highways being thirty feet in width, crossing the land from north to south about 300 feet west of the east line, and the other being about fifteen feet in width and crossing the land diagonally from near the southeast corner to the northwest corner, so that these roads divided the land into three irregularly shaped tracts. When the defendant tendered the deed, a demand was made by the plaintiffs that these roads should be removed, for the reason that they constituted an incumbrance upon the land. The defendant refused to have the roads removed or vacated, and thereafter the plaintiffs tendered a quitclaim deed to the defendant, and demanded a return of the money paid upon the contract. The defendant refused to comply with this demand, and this action followed. At the trial of the case, the court found, among other

facts, the following, which appear to be in accord with the evidence:

"(6) That at the time of the execution of said contract and ever since and now there exists over and across said land two traveled roadways, both of which had been used as a highway by the public generally, openly, notoriously, continuously and adversely for a period of over twenty years prior to the date of said contract. . . .

"(7) That at the time of making said contract and ever since said land was covered with a growth of sagebrush varying from two to three feet in height, except on that portion of said land included within said roadways.

"(8) That within seven years last past the county of Yakima has spent public money on each of said roads in the construction of culverts and bridges across the same.

"(9) That prior to the making of said contract the plaintiff examined said land with a view of purchasing same, and at the time of said examination the said roads and each of them were plainly visible, and were either seen by the plaintiffs, or would have been seen and observed by them by the exercise of proper diligence.

"(10) That the public acquired a prescriptive right and there existed a prescriptive right in the public to travel said roads and each of them at the time of making said contract.

"(11) That the existence of said prescriptive right in the public to travel said roadways and each of them depreciates the value of said land to the amount of fifty dollars per acre. . . .

"(12) That the plaintiffs and neither of them were aware that the public possessed a prescriptive right or any right to travel said roadways or either of them over and across said land at the time of the execution of said contract, and they and each of them were unaware of the possession by the public of any right whatsoever, either prescriptive or of any other character, to travel said roadways over and across said lands, and were aware only of the physical existence and not the legal existence of said roads."

The court concluded from these findings that the roadways across the land are incumbrances, and that, the defendant having declined to remove the same, the plaintiffs were entitled to a return of the purchase money paid. The judg-

ment was accordingly entered against the defendant, and this appeal followed.

Several assignments of error are made, but the argument is to the effect, (1) that the evidence fails to show that these roads are lawful highways, and (2) that highways do not constitute an incumbrance on land, and therefore the defendant complied with its contract when it tendered the warranty deed to the plaintiffs. We shall notice these points briefly. The record shows that these roads are not regularly laid out roads, and that the tract of land in question is open, unimproved, arid land. But it also shows that the roads are well defined roads, and have been commonly traveled for more than thirty years, that they were used as such long before the patent for the land was issued by the government, and that the county officers have made repairs and improvements upon these roads and upon the lands in question within the last five years, and that the appellant knew of these facts. It is apparent from the evidence that the county officers regarded these roads as public highways and improved them as such, and that the public used them continuously as such for many years. They therefore became highways by user. *Smith v. Mitchell*, 21 Wash. 536, 58 Pac. 667, 75 Am. St. 858; *Yakima County v. Conrad*, 26 Wash. 155, 66 Pac. 411.

Upon the second point, appellant argues that, if these roads are held to be highways, they do not constitute an incumbrance upon the land, because they are a benefit, and also because the plaintiffs knew of the roads at the time the contract for purchase was entered into. Many cases are cited and quoted, from among which is *Whitbeck v. Cook*, 15 Johns. 483, 8 Am. Dec. 272, where the court said:

"It must strike the mind with surprise, that a person who purchases a farm through which a public road runs at the time of purchase, and had so run long before, who must be presumed to have known of the existence of the road, and who chooses to have it included in his purchase, shall turn

14—69 WASH.

round on his grantor and complain that the general covenants in the deed have been broken by the existence of what he saw when he purchased, and what must have enhanced the value of the farm. It is hazarding little to say, that such an attempt is unjust and inequitable, and contrary to the universal understanding of both vendors and purchasers. If it could succeed, a flood-gate of litigation would be opened, and for many years to come, this kind of action would abound. These are serious considerations, and this court ought, if it can consistently with law, to check the attempt in the bud."

Appellant also relies upon the case of *Schurger v. Mooreman*, 20 Idaho 97, 117 Pac. 122, 36 L. R. A. (N. S.) 313. We have no doubt that, where the road or highway is really a benefit to the land, it could not be held to be an incumbrance; but where there are two roads which are shown to be a source of injury to the land, as is the case here, it is apparent that a different rule applies; or, stated in the language of Mr. Rawle in his work on Covenants for Title (5th ed.), page 108:

"Instead, therefore, of laying down an abstract rule, it would seem that in a certain class of cases the question of what is or is not an incumbrance should, as has already been said, be determined by reference to the subject-matter of the contract, the relation of the parties to it and to each other, the notice on the part of the purchaser and to some extent the local usage and habit of the country; . . ."

In other words, the question in this kind of cases becomes a mixed question of law and fact.

It appears in this case that the respondents knew that these roads were upon the land when they entered into the contract, but they did not know until later that the roads had become an incumbrance by use or prescription. The character of the country and of the roads led them to believe, and they no doubt did believe, that the roads were mere temporary roads, and could be obstructed or changed without permission of the county officers and without liability. When they subsequently discovered that the course

of the roads could not be changed without permission, they demanded that the defendant remove the roads because they constituted an incumbrance, which they really are because the court finds that the value of the land is decreased $50 per acre on account thereof. If the plaintiffs had known or been informed that the roads were lawful roads, or that they had been used long enough to become such at the time the contract was made, the plaintiffs might now be estopped to claim that the roads are incumbrances, but not knowing that fact, they are not estopped.

The judgment is therefore affirmed.

Morris, Ellis, Fullerton, and Gose, JJ., concur.