[L. A. No. 4221.   Department Two.—March 23, 1918.]

## DON G. FERGUSON, Respondent, v. RAY EDGAR et al., Appellants.

CONTRACTS—RESCISSION—DUTY OF PARTY CLAIMING RIGHT—DILIGENCE ON DISCOVERY OF FACTS—RESTORATION OF BENEFITS.—A party to a contract who claims the right to rescind must rescind promptly on discovering the facts entitling him to rescind, and must restore to the other party everything of value received from him.

ID.—RESCISSION TOO LATE—OPTION CONTRACT TO PURCHASE LAND—RETAINING USE AND OCCUPATION TILL OPTION EXPIRED.—Where the defendants had been allowed to enter and use and occupy land under a contract, which gave them an option of purchase within a limited time, but required them to do certain improvement work and seed the land, they could not set up as a defense to an action for damages for breach of their contract to improve and seed the land, an attempted rescission by them after the expiration of the time for exercising the option, upon the ground of the existence of a highway as a servitude, which was visible when they entered and had been visible at all times while they occupied the land.

ID.—LACK OF DILIGENCE—FAILURE TO RESTORE.—The effect of such action was to defeat any right of the defendants to rescind the contract, there being an entire absence of diligence in the purported act of rescission, and a total failure to restore to the plaintiff that which they had received under the contract and retained.

VENDOR AND VENDEE—COVENANT AGAINST ENCUMBRANCES—NOTORIOUS PHYSICAL VISIBLE BURDENS.—A contract to convey land "free and clear of encumbrances" has no reference to existing physical and visible burdens imposed upon the land, such as a state highway, the use of which was open and notorious, or an existing canal or water ditch, the purpose of which was to convey water for irrigation upon the land in common with other land in the vicinity, and without which, as known by the vendees, the land would be valueless.

APPEAL from a judgment of the Superior Court of Imperial County.   Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Childers & Bruce, for Appellants.

Conkling & Brown, and B. D. Noel, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—The facts upon which this action is based are as follows: On January 22, 1913, plaintiff and defendants entered into a written agreement whereby the former gave the latter an option, to be exercised at any time prior to January 22, 1914, to purchase 160 acres of land for the sum of sixteen thousand dollars, payable "twelve thousand dollars cash on delivery of clear title," subject to mortgage of four thousand dollars; and also gave to defendants the right to the use and occupation of the land for the period covered by the option. In consideration therefor defendants on their part agreed to do certain improvement work upon the land and seed the same to alfalfa. Defendants entered thereon and continued in the use and occupation thereof until January 22, 1914, at which time the option by its terms having expired without defendants exercising the right given thereby to purchase the property, they surrendered possession of the same to plaintiff, who, in May following, brought this action to recover damages for defendant's breach of contract to do the work agreed to be done by them upon the property.

In their answer defendants alleged that at no time during the period covered by the option could plaintiff have given them a clear title to the land, for the reason that by virtue of an easement therefor granted by plaintiff, a public highway existed along one side of said tract of land which constituted an encumbrance upon the title. It was further alleged that upon discovery of the fact that such encumbrance existed defendants rescinded the contract. The issues joined were tried by a jury, which returned a verdict in favor of the plaintiff. Judgment followed, from which defendants appeal.

"The only question involved," says counsel for appellants, "is whether or not the admitted public road and the other easements . . . are encumbrances" which entitled defendants to rescind the contract. "If the facts did not warrant a rescission of the contract, then," says appellants' counsel, "the judgment is correct and should be affirmed." Section 1689 of the Civil Code provides that "A party to a contract may rescind . . .: 2. If, through the fault of the party as to whom he rescinds, the consideration for his obligation fails, in whole or in part; . . . 4. If such consideration, before it is rendered to him, fails in a material respect, from any cause." The consideration moving to defendants and upon which their

promise to do the work was based was the use and occupation of the land for one year, together with the right at their option during said time to buy the same at a specified price.    In effect, the contract was a lease for a term of one year for a stipulated rental with an option given to purchase.    In order to accomplish rescission of the contract it devolved upon defendants, as provided in section 1691 of the Civil Code, to rescind promptly upon discovering facts which entitled them to rescind and restore to plaintiff everything of value which they had received from him.    Presumably, since the contrary is not shown, they knew of the existence of the highway and its physical effect upon the land when they entered.    Notwithstanding this fact, they entered upon and took possession thereof and retained possession of the same, and all rights under the option, until the expiration of the lease with which the option also expired.    Then, and not till then, when all rights under the contract had terminated, they surrendered possession of the property.    The effect of such action was to defeat any right of the defendants to rescind the contract (*Evans* v. *Duke,* 140 Cal. 22, [73 Pac. 732]).    Not only was there an entire absence of the exercise of diligence in their purported act of rescission, but a total failure on the part of defendants to restore to plaintiff that which under the contract they had received, and all of which they retained. Under these circumstances to hold the facts sufficient to constitute a rescission and release defendants from their promise would be most inequitable.    (*Cross* v. *Mayo,* 167 Cal. 595, 603, [140 Pac. 283]; *Bailey* v. *Fox,* 78 Cal. 396, [20 Pac. 868].)    The attempted rescission after the contract had terminated was a futile act.

Moreover, while there is some apparent conflict of authority upon the subject, the covenant in the contract to give a ''clear title'' must, upon the facts disclosed by this record, be deemed to have been understood and intended by the parties as a title free of encumbrance as defined by section 1114 of the Civil Code.    It was not considered as having reference to obvious and physical burdens, permanent in character, such as a state highway, the use of which was open and notorious. As to such obvious burden the party proposing to buy, having full knowledge of the servitude and the necessity therefor as a means of egress and ingress to the premises, contracts subject to the physical and visible burden imposed upon the land.

(*Sisk* v. *Caswell,* 14 Cal. App. 377, [112 Pac. 185].) In the case of *Patterson* v. *Arthurs,* 9 Watts (Pa.), 152, the owner, as here, had covenanted to convey the property free from all encumbrances, and it was there held that a public road which occupied a portion of the property was not an encumbrance within the meaning of the covenant. In Brewster on Conveyancing, section 203, it is said: "In cases where there is a physical burden of this sort, which is visible, there is a fair and reasonable presumption, in the absence of an express agreement, that both parties act with reference to this plain, existing burden, and that the vendor on the one hand demands, and the vendee on the other pays, only the fair value of the land as visibly encumbered. Therefore, it is said, such burdens, by way of open and notorious easements, are not really encumbrances within the meaning of this covenant, because the real subject matter of the dealings between the grantor and the grantee is the land, subject to visible easements."

What is said applies with like force to the canal or water ditch, the purpose of which was to convey water for irrigation and use upon the land in question in common with other lands in the vicinity, and without which, as known by defendants, the land would be valueless.

The judgment is affirmed.

Melvin, J., and Wilbur, J., concurred.

Hearing in Bank denied.