[Sac. No. 2720. Department One.—December 24, 1918.]

E. E. JAQUES et al., Appellants, v. JANE TOMB, Respondent.

DEED—COVENANT AGAINST ENCUMBRANCES—SUBSEQUENT LEVY OF REC-LAMATION DISTRICT ASSESSMENT — ACTION FOR BREACH NOT MAIN-TAINABLE.—An action for the breach of the covenant against encumbrances contained in a deed cannot be maintained where the alleged breach was the levy of a reclamation district assessment after the conveyance of the property.

ID.—LEVEE CONSISTING OF HIGH EMBANKMENT—BARRIER NOT AN EN-CUMBRANCE.—A levee consisting of a high embankment dividing a farm into two tracts inaccessible from each other except by a cir-cuitous route across the lands of other parties, thus rendering the farming operation of the land more expensive than it would be otherwise, does not constitute an encumbrance within the meaning of a covenant against encumbrances under section 1114 of the Civil Code.

APPEAL from a judgment of the Superior Court of Yuba County. E. P. McDaniel, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. W. Eastin, for Appellants.

W. H. Carlin, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—This is an appeal by plaintiffs from a judgment in favor of defendant, entered upon plaintiffs declining to amend their complaint after the sustaining of a general demurrer to each of the four pur-ported causes of action set forth therein.

It appears from the first cause of action that defendant was the owner of a farm situated in Reclamation District No. 784, which, on October 28, 1911, she by grant deed containing a covenant of seizin and against encumbrances, conveyed to plaintiff, D. E. Jaques, who, on April 28, 1912, conveyed a three-fourths interest therein to E. E. Jaques, who, also, at a date not stated, acquired the remaining one-fourth interest in said property; that subsequent to her acquisition thereof, the district levied an assessment upon the property, which assess-

ment, it is alleged, constituted a breach of the covenant against encumbrances. Since the assessment did not exist at the time when defendant conveyed the land to D. E. Jaques, but was levied subsequent to said date, and, indeed, after he had conveyed the property to his grantee, we are unable to perceive how a cause of action could be founded thereon, any more than would a subsequent annual assessment, upon which to base a levy for fiscal taxes, give rise to a cause of action. Neither he nor his grantee, as such, could maintain an action to recover for this alleged breach, hence the demurrer thereto was properly sustained.

By the third cause of action it is made to appear that at the time when the assessment was made by the reclamation district there existed a mortgage upon the property, and that in order to protect her security, the mortgagee was compelled to, and did, pay the assessment so levied thereon by the district, which, together with interest and penalties, amounted to approximately the sum of three thousand two hundred dollars, by reason of which fact it is alleged that plaintiffs are damaged in the sum of three thousand two hundred dollars required to redeem said land from the lien thereof under the terms of said mortgage. The reasons stated as justifying the action of the court in sustaining the demurrer to the first cause of action are equally applicable to the ruling of the court in sustaining defendant's demurrer to the third cause of action, viz., that at the time of executing the deed there was no assessment in existence against the property.

In the second cause of action it is alleged that at the time defendant executed said deed of conveyance to D. E. Jaques there had been constructed by said reclamation district a large levee, then owned by and in possession of the district, and which occupied eight acres of the land so conveyed by defendant, of the value of more than one thousand six hundred dollars, and the levee thereon was of the value of ten thousand dollars, which fact, it is alleged, constituteed a breach of the covenants in said deed to D. E. Jaques, to the damage of plaintiffs in the sum of eleven thousand six hundred dollars.

The fourth cause of action, in which plaintiffs allege they have sustained damages in the sum of five thousand dollars, is based upon the fact that said levee referred to in the second count of the complaint consists of a high embankment divid-

ing the farm into two tracts inaccessible from each other except by a circuitous route across the land of other parties, thus rendering the farming operation of the land more expensive than it would be otherwise, and greatly depreciating the market value of the farm.

The demurrer to each of these counts was properly sustained, for the reason that upon the facts alleged both defendant's grantor and his grantee must be deemed to have understood and intended that the covenant against encumbrances meant those defined by section 1114 of the Civil Code. It could not have been considered as having reference to this existing and obvious levee, alleged to have constituted an insurmountable barrier across the farm. In the case of *Ferguson* v. *Edgar,* 178 Cal., 17, [171 Pac. 1061], the court had under consideration the question as to whether a public highway, and a district canal used to convey water for irrigating the farm, in common with other lands in the district, constituted a burden thereon within the meaning of a covenant against encumbrances. Referring to such covenant the court said: "It was not considered as having reference to obvious and physical burdens permanent in character, such as a state highway (or irrigating canal), the use of which was open and notorious. As to such obvious burden the party proposing to buy, having full knowledge of the servitude and the necessity therefor as a means of egress and ingress to the premises, contracts subject to the physical and visible burden imposed upon the land." In Brewster on Conveyancing, section 203, it is said: "In cases where there is a physical burden of this sort, which is visible, there is a fair and reasonable presumption, in the absence of an express agreement, that both parties act with reference to this plain, existing burden, and that the vendor on the one hand demands, and the vendee on the other pays, only the fair value of the land as visibly encumbered." Hence, such burdens are not really encumbrances within the meaning of section 1114 of the Civil Code, in view of which the parties are deemed to have made and acted upon the covenant.

Since, for the reasons given, no cause of action is shown to have ever existed in favor of D. E. Jaques, there was nothing which could be made the subject of the transfer, alleged to

have been made to E. E. Jaques, by the purported assignment of his claims for damages growing out of the facts stated.

The judgment is affirmed.

Richards, J., *pro tem.*, and Sloss, J., concurred.