LAVEY *v.* GRAESSLE.

1. COVENANTS—DEEDS—INCUMBRANCES—BREACH OF COVENANT.
    The existence of a right of way is an easement and an incumbrance upon the premises, and is a breach of the covenant in a warranty deed conveying same free from all incumbrances.

2. SAME—NOTICE OF INCUMBRANCE NOT A BAR TO ACTION FOR BREACH OF COVENANT.
    That the grantees in a deed conveying the premises free and clear of all incumbrances knew of the existence of an easement is immaterial to their right to recover for breach of covenant, since they had a right to insist that the grantors covenant against known as well as unknown incumbrances, and knowledge of the existence of an outstanding incumbrance may be the very reason for insisting upon a covenant against it.

3. SAME—MEASURE OF DAMAGES FOR BREACH OF COVENANT.
    The measure of damages for breach of covenant against incumbrance is the difference between the actual or fair market value of the premises with the incumbrance and what said value would have been had there been no incumbrance on the date of the conveyance.

4. SAME—DAMAGES—EXCESSIVE VERDICT.
    Where the trial court properly instructed the jury as to the measure of damages for breach of covenant, the verdict, which is within the range of the testimony, cannot be said to be excessive.

Error to Ingham; Carr (Leland W.), J. Submitted January 30, 1929. (Docket No. 111, Calendar No. 34,096.) Decided March 28, 1929.

Assumpsit by Bernard J. Lavey and another against William F. Graessle and another for breach of covenant in a deed. Judgment for plaintiffs. Defendants bring error. Affirmed.

*Frank L. Dodge* and *Charles W. McGill,* for appellants.

---

Equitable or incipient easement as breach of covenant against incumbrance, see annotation in 16 A. L. R. 1066.

*C. F. & E. T. Hammond* and *Alva M. Cummins,* for appellees.

Potter, J. Plaintiffs sued defendants on a breach of covenant against incumbrances. They recovered judgment for $3,229 and costs. Defendants bring error. Defendants were the owners of lot 8 of block 136 of the city of Lansing. They sold and conveyed it to plaintiffs by warranty deed, free from all incumbrances. There was a right of way across the premises granted by the prior owners thereof, described in the following language:

"Said first parties hereby grant to said second parties, the use of an alley on the north side of lot 8, of block 136, said city of Lansing, to be used for driveway only, the said second parties thereby agreeing with said first parties that they will not in any way disturb or interfere with the gas pipes or sewerage now on said lot 5 so as to in any way interfere with the proper use of the same on lot 8 of said block."

Defendants filed a plea of the general issue and gave notice that the easement referred to in plaintiffs' declaration was no impairment of the title; that plaintiffs purchased the premises with full knowledge of the facts in relation to such easement; that the legal effect of the deed by defendants to plaintiffs was the same as though the easement was referred to therein; that the facts set forth in the declaration did not warrant the claim for damages; that plaintiffs were guilty of laches; that the language created reciprocal easement rights; and that the value of plaintiffs' premises were increased over and above what it otherwise would have been by reason of such reciprocal easement rights; that plaintiffs were precluded from claiming damages by reason of the easement complained of to lot 8; and

that these reciprocal easement rights were fully known to plaintiffs. After verdict, a motion for a new trial was made, alleging the verdict and judgment were grossly excessive. This motion was denied. Defendants assign many errors, grouped under the following heads: The trial court erred in excluding proof offered tending to show all of the facts and circumstances surrounding (*a*) the purchase by plaintiffs of lot 8 as bearing upon the question of damages; (*b*) the knowledge of plaintiffs as to their reciprocal easement rights; (*c*) the full use to which the property was put by plaintiffs between the time of purchase and the commencement of suit; and (*d*) that the damages were grossly excessive.

The deed given by defendants to plaintiffs described the premises and covenanted "that they are free from all incumbrances whatever and that they will and their heirs, executors, and administrators, shall warrant and defend the same against all lawful claims whatsoever." The existence of the right of way was an easement and an incumbrance upon the premises in question.

In *Post* v. *Campau,* 42 Mich. 90, it is said:

"Anything is an incumbrance which constitutes a burden upon the title; a right of way, *Clark* v. *Swift,* 3 Metc. (Mass.) 392; a condition which may work a forfeiture of the estate, *Jenks* v. *Ward,* 4 Metc. (Mass.) 412; a right to take off timber, *Cathcart* v. *Bowman,* 5 Pa. St. 317; a right of dower, whether assigned or unassigned, *Runnells* v. *Webber,* 59 Me. 488. In short, 'every right to, or interest in the land, to the diminution of the value of the land, but consistent with the passage of the fee by the conveyance.' *Prescott* v. *Trueman,* 4 Mass. 627, 630 (3 Am. Dec. 246)."

A right to an easement of any kind is an incumbrance. 20 C. J. p. 1252. That plaintiffs knew of

the existence of this easement as an incumbrance upon the premises is entirely immaterial. Plaintiffs had a right to insist that defendants covenant against known as well as unknown incumbrances. It is the rule that knowledge of the existence of an outstanding incumbrance may be the very reason for insisting upon a covenant against it.

In *Edwards* v. *Clark*, 83 Mich. 246 (10 L. R. A. 659), it is said:

"In this State no parol proof is admissible in an action upon covenants to show that an existing incumbrance was to be regarded in fact as no incumbrance. 'It is as usual, and certainly as competent, to covenant against *known* as unknown incumbrances or defects of title;' and, with a covenant of this kind, the purchaser is not called upon for the exercise of any diligence. *Smith* v. *Lloyd*, 29 Mich. 382, 389. And it is said that the fact of the purchaser having notice of an incumbrance is the very reason for his taking a covenant within whose scope it is included. Rawle, Cov. (5th Ed.), pp. 112–115, and cases cited in notes."

The covenant in the deed from defendants to plaintiffs was broken when made by the existence of the outstanding easement and incumbrance on the premises, and plaintiffs were entitled to recover.

A number of witnesses were sworn and testified as to the value of the premises with and without the incumbrance. The court charged the jury that the measure of damages was the difference between the actual or fair market value of the lot in question on July 15, 1921 (that being the date of the deed from defendants to plaintiffs), with the easement across it, and what that actual fair market value would have been on that date had there been no easement there. When the jury arrived at that difference they were to add to it interest at the rate of 5% per annum

from July 15, 1921, to the date of trial. The verdict was within the range of the testimony. We find no error in the trial below, and the judgment is affirmed, with costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.