## Patterson v. Jones.

(Decided November 7, 1930.)

FURLONG & WOODBURY for appellant.

JOSEPH G. SACHS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment for $2,079.97 damages, alleged to have been sustained by appellee, R. W. Jones, because of the failure of the appellant, G. S. Patterson, to comply with a contract for the purchase of a tract of land near Louisville, Ky.

On April 10, 1926, the parties entered into a written contract by the terms of which Jones agreed to sell, and Patterson agreed to purchase, for a consideration of $20,-000, a tract of 55 acres of land, the purchaser "to receive a clear, unencumbered, marketable title, to be conveyed by deed of general warranty, except state and county taxes for the year 1926, and subject to present leases." The contract was in the form of a written proposition signed by Patterson and followed by this indorsement signed by Jones: "I accept the above proposition this 10th of April at 12:30 p. m., 1926, and I will pay the $800 commission." A general warranty deed executed by Jones and approved by appellant's attorney was tendered to appellant. He refused to accept it or comply with the terms of the contract. Appellee then notified the appellant that he would treat the contract as breached and proceed to resell the property. He employed a firm of real estate agents and the land was advertised and sold at auction on July 7, 1926, for $19,-100. The expenses incurred and paid by appellee were $224.95 for advertising and commissions of the real estate agent amounting to $955.

No complaint is made as to the reasonableness of these items. Appellant was kept advised of all steps taken by appellee leading up to the resale of the property. After the property was sold on July 7, 1926, Jones brought this action to recover $2,579.95, which he alleged he lost by reason of Patterson's failure to carry out the contract to purchase the land. He sought to recover $900, the difference between the sum Patterson agreed to pay and the sum realized at the resale, $500, paid to his attorneys, $955, paid to his real estate agents, and $224.95 for advertising. The circuit court sustained appellant's motion to strike out of the petition the claim for attorneys' fee, and on the trial the jury returned a verdict for the other items claimed. The defense relied upon by the appellant as a reason for his refusal to carry out the contract was that a railroad right of way existed across the tract of land embraced in the contract, which materially impaired its value. He also claimed that it was represented to him, and that he relied upon the representations at the time he signed the contract, that the railroad right of way had been abandoned, was no longer used, and that the tracks would be removed.

On this appeal appellant relies on two grounds for reversal of the judgment: (1) The deed tendered to

him contained, pursuant to the provisions of the contract, a covenant of general warranty, and therefore if the railroad right of way constituted an incumbrance or easement, the covenant was breached when made and he was not required to accept the deed; and (2) the trial court erred in not limiting the amount of recovery to $1,279.95.

While there is a conflict in the decisions in other jurisdictions on the question as to whether or not the existence of a public highway or a railroad right of way across land at the time of conveyance is a breach of the covenants of the deed (see Schafroth v. Ross [C. C. A.] 289 F. 703, where many authorities are collected), it is settled in this state that the existence of a public highway or a railroad right of way on land at the date of purchase does not constitute a breach of the covenant of general warranty, although such a covenant embraces all the common-law covenants. Butt v. Riffe, 78 Ky. 352; Bird v. Bank of Williamstown, 13 S. W. 430, 11 Ky. Law Rep. 868. This is on the theory that such incumbrances are open, visible, and notorious, and the parties are supposed to have contracted with reference to them. In Helton v. Asher, 135 Ky. 751, 123 S. W. 285, where it was held that a private easement was such an incumbrance as constituted a breach of warranty, the rule announced in Butt v. Riffe and Bird v. Bank of Williamstown, supra, as to public easements, was approved. Here the appellant knew of the existence of the railroad right of way and he must be presumed to have fixed his price with reference to the actual condition of the land at the time of purchase.

"Incumbrances are of two kinds, viz.: (1) Such as affect the title; and (2) those which affect only the physical condition of the property. A mortgage or other lien is a fair illustration of the former; a public road, or a right of way, of the latter. Where incumbrances of the former class exist, the covenant referred to, under all the authorities, is broken the instant it is made, and it is of no importance that the grantee had notice of them when he took the title. Cathcart v. Bowman, supra, (5 Pa. 317) ; Funk v. Voneida, 11 Serg. & R. 109 (14 Am. Dec. 617). Such incumbrances are usually of a temporary character, and capable of removal; the very object of the covenant is to protect the vendee against them; hence

knowledge, actual or constructive, of their existence, is no answer to an action for breach of such covenant. Where, however, there is a servitude imposed upon the land which is visible to the eye, and which affects, not the title, but the physical condition of the property, a different rule prevails. Thus it was held in Patterson v. Arthurs, 9 Watts, 152, that, where the owner had covenanted to convey certain lots free from all incumbrances, a public road, which occupied a portion of such lots, was not an incumbrance within the meaning of the covenant. This is not because of any rights acquired by the public, but by reason of the fact that the road, although admittedly an incumbrance, and possibly an injury to the property, was there when the purchaser bought, and he is presumed to have had knowledge of it. In such and similar cases there is the further presumption that, if the incumbrance is really an injury, such injury was in the contemplation of the parties, and that the price was regulated accordingly.'' Memmert v. McKeen, 112 Pa. 315, 4 A. 542, 544.

The doctrine is thus stated in Ireton v. Thomas, 84 Kan. 70, 113 P. 306, 307, 32 L. R. A. (N. S.) 737:

"It is not to be presumed that a seller of land would make a conveyance of land and warrant against an incumbrance which is plainly visible upon the land, and which, from its very nature, cannot be removed, with the understanding that he must pay such damage as its continuance may occasion the purchaser. Neither is it to be presumed that a purchaser would make his purchase upon the assumption that the grantor was to remove the incumbrance which, under the law, known to each, the grantor has no right to remove or which is incapable of being removed. In other words, it is not to be presumed that two contracting parties would make a contract of sale and purchase of land which is broken the instant it is completed, and the only possible remedy of which is the payment of damages by the grantor to the grantee—in effect that the grantor should immediately repay a part or the whole of the purchase price. It is more reasonable to presume that both the grantor and the grantee in fixing the purchase price would consider the dam-

ages necessarily and inevitably following from the continuing of the incumbrance and contract with reference to such physical fact.''

On the trial appellant endeavored to show that Joe Roselle, a real estate agent, who, as he claimed, was acting for appellee, represented to him that the railroad right of way had been abandoned and that the tracks would be removed. There was no evidence tending to show, however, that Roselle was acting as appellee's agent. On the other hand, all the evidence showed that Roselle was appellant's agent. It is argued by appellant that the rule announced in the cases cited above applies only to executed contracts and not to executory contracts. Since the incumbrance does not constitute a breach of the covenant of general warranty, whether the contract is executory or executed is not material. Linde v. Ellis, 224 Ky. 649, 6 S. W. (2d) 1089.

Appellant insists that in no event should the damages amount to more than $1,279.95. The contract provided that the real estate agent's commission of $800 should be paid by the appellee. It is claimed that this amount should have been deducted from the sum the jury were authorized to find in damages, as the appellee did not allege in his petition that he had paid or was obligated to pay it. Whether or not appellee ever paid it in the first instance was of no moment to appellant. Appellant obligated himself to pay appellee $20,000 for the land, and this obligation is in no way affected by the appellee's obligation to pay a commission to the real estate agents who procured the appellant as a purchaser of the land.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.