[No. 32444.   Department One.   August 5, 1953.]

T. L. SOMERS *et al.*, *Respondents*, v. ANDREW T. LEISER
*et al.*, *Appellants.*[1]

*Robert Sherwood*, for appellants.

*Brown & Millhouse*, for respondents.

GRADY, C. J.—This action was brought by respondents to recover unpaid installments of purchase price agreed to be paid pursuant to a real-estate contract. Appellants sought rescission of the contract and a return of the money paid by them. The court entered a judgment in favor of respondents and denied rescission.

On September 13, 1951, respondents and appellants entered into a written contract for the sale and purchase of real estate. Some of the real estate was part of a recorded plat and some was acreage. The platted part is the subject of this litigation. At one time there was an alley separating some of the lots shown on the plat.

In 1946, the owner of the property granted to the city of Bellingham an easement sixty feet in width for street and highway purposes, including utility services over and across the platted and unplatted tracts. The conveyance was recorded. The general course of the easement followed the alley through the platted part. The middle twelve feet of the street was graveled. We cannot tell from the record what physical conditions existed that would indicate to a stranger viewing the property the true width of the ease-

[1]Reported in 259 P. (2d) 843.

ment. The one who built the garage located substantially all of it on the easement.

The contract was prepared by a real-estate broker. A printed form of real-estate contract furnished by a title insurance company was used. In the printed form was a space for the description of the property followed by the words "free of encumbrances, except." This was followed by a space for the designation of any encumbrance to which the real estate might be subject. In the contract the property was described as follows:

"Lots 1 to 18, both inclusive, Lots 28 to 36, both inclusive, and the North half of Lots 19 to 27, both inclusive, Block 12, 'Adsit and Zednick's Addition to Fairhaven, Wash.' now a part of the consolidated City of Bellingham, Whatcom County, Washington, as per the map thereof, recorded in Book 3 of Plats, page 42, in the Auditor's office of said county and state.

"ALSO all that portion of the Northeast quarter of the Northeast quarter of Section 13, Township 37 North, Range 2 East of W.M., lying Easterly of Pacific Northwest Traction Company's right-of-way, LESS roads, situate in Whatcom County, Washington."

The only exception relating to encumbrances was an existing mortgage. A provision in the printed form was that the seller agreed upon full payment of the purchase price to execute and deliver a warranty deed to the property free of encumbrances except those mentioned.

The contract provided that the seller would within ten days procure and deliver to the purchaser a title policy. The policy was prepared by the title company and delivered to the real-estate broker representing respondents. The broker did not deliver the policy to appellants prior to the execution of the contract, but they knew that it had been prepared and was in his possession. After taking possession of the property and making some payments on the contract, the appellants acquired knowledge of the existence of the easement deed and that substantially all of the garage was located on the street area.

The theory upon which appellants sought rescission was that the easement deed constituted an encumbrance upon

the real estate, and that respondents would not be able to deliver to them that which they contracted to sell, namely, real estate free from encumbrances except a mortgage.

The trial court found that, prior to entering into the contract, appellants personally viewed the property several times and acquired actual notice of the existence of the graveled roadway. The court concluded that a reasonably prudent person would have been prompted to make inquiry to determine the extent of the easement; also, if such inquiry had been made, appellants would have become apprised of the existence of the sixty-foot easement and that substantially all of the garage was located within its area. Some very material testimony was given by witnesses referring to maps and drawings. Such references were no doubt very clear to the trial judge, but they are vague to one reading the printed record.

There is sufficient evidence in the record to support the findings and conclusions made by the court.

█ The applicable rule of law to the factual situation presented is that a provision in a contract to convey real estate "free of encumbrances" does not refer to granted easements, permanent in character, which are either known to a vendee, or the existence of which he should have known or ascertained had he made a reasonable investigation. *Bruckart v. Cook*, 30 Wn. (2d) 4, 190 P. (2d) 725; 55 Am. Jur. 710, Vendor and Purchaser, § 258; 57 A. L. R. 1426. This rule of law with certain exceptions has been given expression and application in *Wingard v. Copeland*, 64 Wash. 214, 116 Pac. 670; *M'Whorter v. Forney Brothers & Co.*, 69 Wash. 414, 125 Pac. 164; *Miskey v. Mazey*, 150 Wash. 676, 274 Pac. 698.

The conclusion we have reached on what we consider the controlling and decisive question in the case makes it unnecessary to review other questions raised by the assignments of error.

The judgment is affirmed.

Mallery, Hill, Weaver, and Olson, JJ., concur.

---

November 9, 1953. Petition for rehearing denied.