358 P.2d 909

Larry L. JONES and Della Mae Jones, his wife, Plaintiffs and Respondents,

v.

GROW INVESTMENT AND MORTGAGE COMPANY, Defendant and Appellant.

No. 9240.

Supreme Court of Utah.

Jan. 19, 1961.

Aldrich, Bullock & Nelson, Provo, for appellant.

Young, Young, & Sorensen, Provo, for respondents.

CALLISTER, Justice.

Action to recover damages for breach of covenant against encumbrances. The trial court, sitting without a jury, awarded judgment to the plaintiffs and defendant appeals.

Defendant conveyed to plaintiffs by a statutory form of warranty deed [1a] a residential lot located in Orem, Utah County. The deed provided, in addition to the form language, that the described tract of land was "subject to deed restrictions and easements of record."

At the time of the conveyance there existed an open irrigation ditch which ran the length of the east side or rear of the lot. The ditch terminates at the southeast corner of the lot and an underground cement pipe commences at that point and runs westerly along the south of the lot. It is conceded that the ditch is a prescrip-

[1a.] 57–1–12, U.C.A. 1953.

tive easement and not of record. Plaintiffs attempted to fill the ditch but were prevented by the owners of the dominant estate.

Defendant makes numerous assignments of error, but, in the main, they boil down to the question as to whether the lower court erred in refusing to find that the ditch was an easement excepted from the covenant against encumbrances. It is the contention of defendant that the ditch was an open and visible easement of which the plaintiffs had notice or knowledge.

The trial judge made findings to the effect that the plaintiff, Larry L. Jones, made a personal inspection of the lot in the company of defendant's agent prior to the conveyance and saw the visible and open irrigation ditch which appeared to dead-end at the south line; that at that time the ditch appeared to be abandoned and contained tree limbs, building refuse, weeds and trash; that the cement pipe was completely covered and not visible on a casual inspection; that Larry L. Jones made inquiry of defendant's agent and was advised that the ditch could be filled in and the yard leveled; and that the ditch was an easement by prescription and not of record. The trial judge concluded that the existence of the ditch was a breach of warranty and entered judgment in favor of the plaintiffs in the amount of $750.

There is considerable conflict among the authorities as to whether or not a visible or known easement is excepted from a covenant against encumbrances. A distinction is made in some cases between encumbrances which affect the title and those which simply affect the physical condition of the land. In the first class, it is universally held that the encumbrances are included with the covenant, regardless of the knowledge of the grantee. Those encumbrances relating to physical conditions of the property have, in many instances, been treated as excluded from the covenant. Some of these cases are decided upon the theory that, whenever the actual physical conditions of the realty are apparent, and are in their nature permanent and irremediable, such conditions are within the contemplation of the parties when contracting, and are therefore not included in a general covenant against encumbrances.[2]

There seems to be a tendency toward the proposition that certain visible public easements, such as highways and railroad rights of way, in open and notorious use at the time of the conveyance, do not breach a covenant against encumbrances. However, it still seems to be the general rule, particularly in those cases involving private rights of way, that an easement which is a burden upon the estate granted and which

2. 7 Thompson on Real Property, Perm.Ed., p. 208; 14 Am.Jur. p. 548; 64 A.L.R. 1479, 1480.

diminishes its value constitutes a breach of the covenant against encumbrances in the deed, regardless of whether the grantee had knowledge of its existence or that it was visible and notorious.[3]

▪ Ordinarily, parol evidence is inadmissible to show exceptions to express covenants in a deed or to show that a purchaser knew of the existence of an easement not referred to in the deed and took the conveyance subject to it.[4] This rule should not be lightly disregarded for titles to real estate would be uncertain and recordation of deeds useless if their contents were to be determined by the testimony of witnesses.[5]

▪ Certainly, if the deed contains anything which would indicate that a known encumbrance was not intended to be within the covenant, the purchaser cannot complain that such an encumbrance was a breach of the covenant. However, with the possible exception of public easements that are apparent and in their nature permanent and irremediable, mere knowledge of the encumbrance is not sufficient to exclude it from the operation of the covenant. The intention to exclude an encumbrance should be manifested in the deed itself, for a resort to oral or other extraneous evidence would violate settled principles of law in regard to deeds.[6]

▪ In the instant case, the defendant's deed to plaintiffs was in the statutory form which carries with it a covenant that the premises conveyed are free from all encumbrances.[7] The defendant saw fit to except from this covenant "deed restrictions and easements of record." Nothing is manifested in the deed that any other encumbrances were to be excluded. It would have been a simple matter for the defendant, as grantor, to exclude from the covenant the existing ditch. Under the deed, as written and delivered, a grantee could reasonably assume that the ditch was included within the encumbrance. The very purpose of the covenant is to protect a grantee against defects and to hold that one can be protected only against unknown defects would be to rob the covenant of most of its value. If from the force of the covenant it is desired to eliminate known defects, or to limit the covenant in any way, it is easy to do so. It must be concluded that the ditch was a breach of the covenant against encumbrances.

Defendant, in its argument, relies upon the case of Rollo v. Nelson,[8] which is dis-

3. 14 Am.Jur., p. 551; 7 Thompson on Real Property, p. 203; Lavey v. Graessle, 245 Mich. 681, 224 N.W. 436, 64 A.L.R. 1477.

4. 7 Thompson on Real Property, p. 207.

5. Harlow v. Thomas, 15 Pick. 66, 32 Mass. 66.

6. 7 Thompson on Real Property, p. 210.

7. 57-1-12, U.C.A.1953.

8. 34 Utah 116, 96 P. 263, 26 L.R.A.,N.S., 315.

tinguishable in that it involved a severance of an estate by a sale of a part thereof and the encumbrance (cement sidewalk) was not a burden upon the land conveyed, but in fact a benefit to it.[9] Furthermore, the action was not one for breach of a covenant against encumbrances, but was a suit for injunction between the owners of the dominant and servient estates.

The views heretofore expressed in this opinion effectively dispose of defendant's numerous assignments of error, except to state that there was sufficient competent evidence to sustain the trial court's assessment of damage in the amount of $750.

Affirmed. Costs to plaintiffs (respondents).

WADE, C. J., and HENRIOD and McDONOUGH, JJ., concur.

CROCKETT, Justice (concurring).

I concur in affirming the judgment but think it preferable to do so upon the basis that the trial court decided it: that is, that the ditch in question was not such an open and visible easement that the plaintiffs should be charged with knowledge thereof. Whether under other circumstances a ditch, canal or other easement was so, and a purchaser would be charged with knowledge thereof, might depend upon the facts of the case. That is the basis upon which the cases relating to highways and railroad rights of way rest, and I see no reason why it should be restricted to those particular things. The principle and not the subject matter should be the controlling consideration. If the easement is of such a character and use as to be open and notorious, and the purchaser knows of its existence, he should not be permitted to accept the conveyance, and then claim breach of covenant with respect to something about which he had full knowledge. The trial court here found that the easement was not of the character just stated, and that the plaintiff did not have knowledge thereof. I would affirm the judgment upon the same basis.