### REED *v.* RUSTIN.

1. DEEDS—COVENANTS AGAINST ENCUMBRANCES—DAMAGES FOR BREACH—SUBSEQUENT IMPROVEMENTS.

   A covenant against encumbrances is breached, if at all, at time it is entered into, and, therefore, damages for such breach are to be assessed in accordance with the conditions as they existed at that time, no allowance being permissible for subsequent improvements.

2. SAME—BREACH OF COVENANT AGAINST ENCUMBRANCES—PERMANENT ENCUMBRANCE—MEASURE OF DAMAGES.

   The measure of damages for breach of a covenant against encumbrances where the encumbrance is permanent is the difference in the value of the land without and with the encumbrance, but where the easement encumbrance has been extinguished the measure of damages is the injury sustained between the date of the deed and the removal of the encumbrance, together with the expense incident to such removal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 14 Am Jur, Covenants, Conditions and Restrictions § 178 *et seq.*

[4] 5 Am Jur 2d, Appeal and Error § 1010.

3. SAME—BREACH OF COVENANT—EASEMENT FOR PUBLIC UTILITIES—
   DAMAGES—CLAIM FOR SUBSEQUENT IMPROVEMENT.

> Damages for breach of covenant in deed to a lot subject to 16'
> easement visibly used for public utilities was properly limited
> to difference between the actual or fair market value of the
> land with such an encumbrance and what said value would
> have been had there been no encumbrance on the date of the
> conveyance, thereby disallowing plaintiffs' claim for special
> damages consisting of cost of labor and materials put into
> the partial construction that could not be completed or used
> because of the easement.

4. COSTS—BRIEF.

> No costs are allowed appellees upon affirmance of judgment,
> where they had not filed a brief.

Appeal from Wayne; Bowles (George E.), J.
Submitted November 5, 1964. (Calendar No. 59,
Docket No. 50,446.) Decided May 11, 1965.

Declaration by Rush Reed and Laura Reed against
John H. Rustin and Louise Rustin for breach of
a covenant against encumbrances. Judgment for
plaintiffs. Plaintiffs appeal claiming additional
damages. Affirmed.

*Dunbar Davis,* for plaintiffs.

KELLY, J. December 8, 1961, plaintiffs purchased
by warranty deed from defendants Lot 1, Zacharias
subdivision, Nankin township, Wayne county, said
deed warranting the land to be free and clear of all
encumbrances. After the execution of the deed,
plaintiffs commenced construction of a ranch type
house that extended over and into part of the 16-foot
easement.

October 3, 1962, plaintiffs commenced this action
for breach of warranty and damages, alleging:
"That said land is subject and was on December 8,
1961, subject to an easement for public utilities over
the north 16 feet approximately thereof."

Defendants answered that at the time plaintiffs purchased, the recorded plat of the subdivision approved by the township board disclosed the existence of this easement, and the stipulated statement of facts signed by counsel for both parties shows that at the time of purchase there were poles for public utilities and overhead electrical wires within said easement.

Defendants filed a counterclaim, stating that the purchase price was $1,800; that plaintiffs paid $1,000 cash and gave a note in the sum of $730; that plaintiffs have refused to pay said note, and defendants prayed for judgment in the amount of $730.

March 13, 1963, the trial court filed an opinion stating:

"Plaintiffs entered into a contract with Albee King Homes for the purchase of a particular model home, a pre-fab type, in August, 1961, and plaintiffs on November 17, 1961, granted to Albee King Homes a mortgage secured by Lot 1 [the lot in question], the mortgage to take effect in event the plaintiffs were later unable (*sic*) to acquire the premises from the defendants, since they were then negotiating for the purchase of the lot. *This contract was cancelled prior to the transaction, upon which this suit was based.* (Emphasis ours.)

"The easement for utility purposes is an encumbrance since it is a burden upon the title to the diminution of the value of the land but consistent with the passage of the fee by the conveyance. (See *Young* v. *Thendara, Inc.,* 328 Mich 42.)   *   *   *

"That the easement was visible does not relieve liability; actual knowledge of the existence of the easement is immaterial. (See *Lavey* v. *Graessle,* 245 Mich 681 [64 ALR 1477].)"

The court concluded his opinion by stating that at a later date he would take expert testimony touching

upon the value of the property with the easement and the value of the property without the easement.

On April 17, 1963, the court filed a second opinion in which he found that the proper rule of damages would be the difference between the value of the property without the encumbrance and the value of the property with the encumbrance: In this instance the difference being $244; that defendants were entitled to $750 on their note and plaintiffs were entitled to a credit of $244 on defendants' counterclaim, and judgment of $506 was entered for defendants.

In this appeal, plaintiffs do not object to any of the court's findings except to claim that they should receive "special damages consisting of the cost of labor and materials put into the partial construction that cannot be completed or used because of the easement."

In an extensive annotation on the subject of "Damages for Breach of Covenants of Title," it is stated at page 182 of 61 ALR that:

"A breach of a covenant of seisin, good right to convey, or against encumbrances, if breached at all, is, at least technically breached when the covenant is entered into, and the damages are therefore to be assessed in accordance with the conditions as they existed at this time; therefore, the question as to the allowance for improvements subsequently made would seldom be presented, and, if presented, would logically require a disallowance of the claim."

7 Thompson on Real Property (1962 ed), ch 48, "Covenants in Deeds," § 3187, at page 320, sets forth the measure of damages for breach of a covenant against encumbrances where the encumbrance is permanent, as in the instant case, as follows:

"If the encumbrance is practically inextinguishable, as in the case of a permanent easement, the measure of damages is the difference in the value of

the land without and with the encumbrance; but where the easement has been extinguished, the measure of damages is the injury sustained between the date of the deed and the removal of the encumbrance, together with the expense incident to such removal."[1]

Michigan, in accord with the above propositions, holds that a covenant against encumbrance is breached, when made, if at all,[2] and, therefore, the measure of damages for breach of covenant against encumbrance is the difference between the actual or fair market value of the premises with the encumbrance and what said value would have been had there been no encumbrance on the date of the conveyance.[3]

Affirmed. No costs, appellees not having filed a brief.

T. M. KAVANAGH, C. J., and DETHMERS, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.

---

[1] See, also, 6 Powell on Real Property, Covenants for Title—Incumbrances, § 907, pp 256–259; 14 Am Jur, Covenants, Conditions and Restrictions, § 151, p 581; 21 CJS, Covenants, § 145(d), pp 1022, 1023.

[2] *Pease* v. *Warner*, 153 Mich 140; *Simons* v. *Diamond Match Co.*, 159 Mich 241; *McMurtry* v. *Smith*, 320 Mich 304.

[3] *Lavey* v. *Graessle*, 245 Mich 681 (64 ALR 1477).