457 P.2d 374

**TABET LUMBER COMPANY, INC.,**
Plaintiff-Appellant,

v.

**Pearl GOLIGHTLY, a/k/a Pearl Golightly
Kronig, Defendant-Appellee.**

No. 8519.

Supreme Court of New Mexico.

July 28, 1969.

Sedillo & Howden, Belen, for plaintiff-appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Allen C. Dewey, Albuquerque, for defendant-appellee.

OPINION

NOBLE, Chief Justice.

In Castillo v. Tabet Lumber Co., 75 N.M. 492, 406 P.2d 361, we held that Luz Castillo had a prescriptive right-of-way easement to and from her property over a roadway across the land involved in this action. Following that decision, Tabet Lumber Company, Inc., plaintiff and appellant (hereafter referred to as Tabet), purchaser of the land involved in this action, brought suit against Pearl Golightly, Tabet's grantor, defendant and appellee (hereafter referred to as Golightly) to recover damages for breach of a covenant against encumbrances.

Golightly conveyed the tract of land involved in this action to Tabet by warranty deed containing the following reservation, "subject to lien of the Middle Rio Grande Conservancy District, paving liens and easements and reservations of record."

This land had been leased to a federal agency during the years 1943 to 1951 with "war housing" being constructed thereon. These structures were removed at the end of the lease, but sidewalks, curb and gutters, etc. remained. Obvious roadways existed across the property, one of which extended from Baca Avenue to the home of Luz Castillo. Castillo v. Tabet Lumber Co., supra, held she had a prescriptive easement over this roadway. Tabet has appealed from a judgment denying recovery for breach of the covenant against encumbrances.

Eight points are asserted and relied upon by Tabet as error requiring reversal, but this case turns upon a determination of whether the trial court erred in finding that the prescriptive easement was excepted from the covenant against encumbrances. The court found that Tabet was aware of the physical condition of the property and its appearance, including the roadway over which the Castillo easement exists, and by reason thereof was put upon inquiry as to the existence of an easement across the land.

The authorities are not uniform as to whether or not a visible or known easement is excepted from a covenant against encumbrances. The precise question before us is one of first impression in New Mexico.

Easements generally constitute encumbrances within the meaning of a covenant against encumbrances. 4 Tiffany, The Law of Real Property § 1004, at 135 (3d Ed. 1939). Encumbrances, however, fall into two categories: (1) those which infringe on the title itself; and (2) those which involve physical facts concerning the premises. 6 Powell, The Law of Real Property § 907, at 268.18 (Recomp. 1968). The courts appear to be unanimous in holding that where an encumbrance infringes upon the title itself, a purchaser's knowledge of it does not prevent recovery in an action for breach of covenant, but after stating this general rule, Powell, supra, at 268.21, follows it with an exception:

"[T]his statement must be qualified by excepting physical conditions of the land itself which were apparent on inspection and which are found to have been 'within the contemplation of the parties' in agreeing on the purchase price."

Wisconsin recognized an exception to the general rule as early as Kutz v. McCune, 22 Wis. 598 [* 628] (1868), that is, that an easement which is fully known to a purchaser before he makes the contract to buy, or which is so open, obvious and notorious that he must have known of it, is not an encumbrance within the meaning of such a covenant. This principle was reaffirmed in Chandler v. Gault, 181 Wis. 5, 194 N.W. 33 (1923), where a telephone line crossed the property. The rationale of the decision as to whether such an easement constituted an encumbrance which would prevent clear title passing to the purchaser was stated thus:

"* * * So it is considered in this case the presence of the transformer and of the telephone line constituted no incumbrance, in the legal sense, within the meaning of the term as used in the

contract. That an easement is an incumbrance, of course cannot be denied; but where it is open, obvious and notorious, it is not such an incumbrance as constitutes a defect upon the vendor's title; nor can the purchaser under a warranty deed with full covenants maintain an action for breach of the covenants of seizin and against incumbrances by reason of the existence of such an easement."

In Memmert v. McKeen, 112 Pa. 315, 4 A. 542 (1886), where there was a flight of stone steps leading from the conveyed premises to the adjoining property, the court pointed out the two kinds of encumbrances, saying that as those affecting the title, the covenant is broken the instant it is made, so that it is of no importance whether the grantee had notice of it when he took title. The Pennsylvania court said, however, that a different rule prevails where a servitude, which is visible to the eye, is imposed upon the land and which affects not the title but the physical condition of the property. The court expressed the view of those courts which recognize the exception, thus:

"* * * This is not because of any rights acquired by the public, but by reason of the fact that the road, although admittedly an incumbrance, and possibly an injury to the property, was there when the purchaser bought, and he is presumed to have had knowledge of it. In such and similar cases there is the further presumption that, if the incumbrance is really an injury, such injury was in the contemplation of the parties, and that the price was regulated accordingly. * * *"

This principle was again reaffirmed in Taxman v. McMahan, 21 Wis.2d 215, 124 N.W.2d 68 (1963). Among other cases in accord are Evans v. Faught, 231 Cal.App. 2d 698, 42 Cal.Rptr. 133 (1965); Matlock v. Wheeler, 306 P.2d 325 (Okl. 1956); Somers v. Leiser, 43 Wash.2d 66, 259 P.2d 843; Ford v. White, 179 Or. 490, 172 P.2d 822; McCarty v. Wilson, 184 Cal. 194, 193

P. 578; Ferguson v. Edgar, 178 Cal. 17, 171 P. 1061; Ireton v. Thomas, 84 Kan. 70, 113 P. 306, 32 L.R.A.,N.S., 737; Old Falls, Inc. v. Johnson, 88 N.J.Super. 441, 212 A.2d 674; see also Eaton v. Trautwein, 288 Ky. 97, 155 S.W.2d 474, and Patterson v. Jones, 235 Ky. 838, 32 S.W.2d 408. Compare Huyck v. Andrews, 113 N.Y. 81, 20 N.E. 581, 3 L.R.A. 789 (1889), announcing the contrary so-called New York rule. Tabet heavily relies upon Huyck and its criticism of Kutz v. McCune, supra, and Memmert v. McKeen, supra. However, even Huyck recognized an exception to the rule that the existence of an encumbrance immediately constitutes a breach of the covenant, in the case of a visible highway. The easement in the instant case was a highway or roadway which the court found to have been obvious and visible.

Our research reveals that only Jones v. Grow Investment & Mortgage Co., 11 Utah 2d 326, 358 P.2d 909, appears to have followed the New York rule. However, the Special Concurrence of Justice Crockett in the Utah case points out that the views of the majority in this respect are dicta because the court found that even though a visible irrigation ditch extended across the land, it nevertheless appeared to dead end at the property line, to be abandoned, to be filled with refuse, and that the purchaser was told, upon inquiry, that the ditch could be filled in. Moreover, the majority there recognized that a tendency existed toward holding that visible public easements such as highways and railroad rights of way, in open and notorious use, do not breach a covenant against encumbrances. We are not impressed that reason requires a different result between easements which are visible, open and notorious, merely because one is a public easement and the other private.

In view of our disposition of this issue, other questions briefed or argued need not be discussed. It follows that the judgment appealed from must be affirmed.

It is so ordered.

COMPTON and WATSON, JJ., concur.

MOISE, J., and OMAN, J., Court of Appeals, dissenting.

MOISE, Justice (dissenting).

While I fully appreciate that the result reached by the majority has support in authority cited in the opinion, I feel the better rule to be that applied by the Utah Supreme Court in Jones v. Grow Investment & Mortgage Co., 11 Utah 2d 326, 358 P.2d 909 (1961). Also, see Lavey v. Graessle, 245 Mich. 681, 224 N.W. 436, 64 A.L.R. 1477 (1929), and Annot. at 64 A.L.R. 1479, 1494; 7 Thompson, Real Property, 285, § 3183 (Rev.Ed. 1962); 21 C.J.S. Covenants §§ 101, 110; 20 Am.Jur.2d, Covenants, §§ 84, 90, 91. Application of that rule would require a reversal of the judgment. The majority having concluded the case should be affirmed, I hereby respectfully note my dissent.

OMAN, J., Court of Appeals, concurs.