[Civ. No. 16511. Second Dist., Div. Two. Oct. 5, 1948.]

HOUSTON A. SNIDOW et al., Respondents, v. HAYDEN HILL et al., Appellants.

Harry V. Leppek and Barry Sullivan for Appellants.

Allard, Brownsberger & Shelton for Respondents.

MOORE, P. J.—July 5, 1945, respondents executed a contract for the sale to appellants of a certain 17 acres of land in Los Angeles County for the sum of $55,000 on payments of "not less than $3,000" on the first days of January and June of each year, with interest on the deferred balance at 6 per

cent per annum.* Deeming appellants to be in default, respondents filed their complaint to quiet title on April 24, 1947. While on that date only three of the semiannual payments were required to be paid, sums aggregating $29,759.17 had in the interim been received by respondents on account of the contract.

After a denial of respondents' right to possession, appellants in their affirmative defenses alleged (1) the execution of the writing and their payment of large sums applicable thereto; (2) the fact of Snidow's legal advice to Hill at the

*''This agreement made and entered into by and between Houston A. Snidow and Mildred K. Snidow, hereinafter sometimes referred to as the seller, and Hayden Hill and Alice Hill, hereinafter sometimes referred to as the purchaser, of and concerning that certain real property consisting of approximately 17 acres located at 2020 E. Alosta Boulevard, Glendora, California, being property now owned by the sellers hereunder purchased by them from Anson Lisk, fronting approximately 660 feet on Alosta Boulevard, consisting of oranges, lemons, together with house, outbuildings and personal property located thereon, consisting of heaters and fuel oil located therein.

''The sellers hereunder hereby agree that upon the payment to them of the total sum of $55,000.00 together with interest on the deferred balance at the rate of 6% per annum, they will deliver a deed to the purchasers of said property free and clear of all encumbrances as of the date hereof, save and except taxes for the current year, accrued but not payable, title to said property to remain with said sellers until such time as the purchase price is paid in full.

''Sellers hereunder shall have the right to all proceeds from the fruit or other rents, issues and profits therefrom until said obligation is paid.

''Purchasers agree to pay not less than $3,000.00 on the first day of January and the first day of June of each year.

''Should the sellers hereunder advance any money in connection with the care, operation or maintenance of said property, said sum shall be reimbursed by the purchasers out of the first moneys received by the sellers in connection with said transaction.

''Interest on the deferred balance is to be figured on the average unpaid balance as of the 5th day of January and 5th day of July of each year and is to be added to the principal on said dates.

''This agreement is not assignable or transferable and shall not be filed for record in the Office of the County Recorder.

''It is understood that this property is now subject to Deed of Trust in favor of Anson Lisk, et ux, and the terms of this agreement are subject to the terms of said Deed of Trust in addition to the terms herein, said Deed of Trust to be recorded in the Office of the County Recorder of Los Angeles County, reference to which is hereby made for particulars.

''It is understood and agreed that moneys withdrawn from L. A. Trailer Service by either Houston A. Snidow or Hayden Hill may be credited against the amount due hereunder, as their interest may appear.

''In WITNESS WHEREOF this document has been executed this 5th day of July, 1945, and the parties hereto agree to be bound by the terms thereof.

''HOUSTON A. SNIDOW          HAYDEN HILL
        Sellers                    Purchasers''

time of the contract; (3) the fiduciary relationship between Snidow and Hill by reason of their partnership in a trailer service, and (4) respondents' possession of "large sums of money from the sale of crops produced" upon the 17 acres, for which appellants claimed to be entitled to a credit upon the contract.

The trial court found that appellants, in possession, failed to pay the real estate taxes assessed against the acres for the second half of the year 1946-47 in the sum of $207.25, but that such taxes were paid by respondents, April 20, 1947; that appellants neglected properly to care for, cultivate, disc, fertilize and spray the property as required by the contract of purchase of sale; that appellants did not pay $3,000 due on January 1, 1947, but did pay $600 on February 17, 1947; that no payment was made on June 1, 1947.

On the basis of these findings the court by interlocutory decree adjudged that appellants pay plaintiffs or into court all delinquencies with interest and costs within five days. Such payments not having been made, final judgment was entered from which comes this appeal.

Respondents contend that appellants' failure to pay the taxes and care for the property placed appellants in default. But a careful search of the agreement fails to disclose any obligation on appellants to pay taxes or to care for the property. The only direct reference to taxes is contained in the second paragraph of the agreement to the effect that the sellers "will deliver a deed to the purchasers of said property free and clear of all encumbrances as of the date hereof, save and except taxes for the current year, accrued but not payable . . ." At most this is an ambiguous provision for the payment of the accrued current taxes as to which there is no dispute.

As a second violation of the agreement the court found that appellants refused properly to care for, cultivate, disc, fertilize and spray the property as called for by the agreement. The writing contains no such obligation. It merely requires appellants to reimburse respondents for any money advanced by the latter for "the care, operation or maintenance" of the property "out of the first moneys received by the sellers in connection with said transaction." No advances were alleged to have been made by respondents.

Respondents contend that paragraph eight of the agreement incorporates by reference all the terms of an outstanding trust deed to third parties. While that encum-

brance does contain provisions for the payment of taxes by respondents and for the maintenance and care of the property, the agreement of purchase contains no provision whereby appellant assumed the obligations of the trustor, nor was there an allegation to such effect. On the contrary they agreed to buy the land "subject to" the deed of trust. Even assuming that the transfer of the property pursuant to the agreement was subject to the trust deed, it does not follow that appellants by the agreement thereby assumed to perform all the obligations of the trust deed. A mere grant of the property subject to a mortgage debt is not sufficient to impose any personal liability on the grantee to pay the debt or perform any of the obligations thereof. To effect such obligation there must be a distinct assumption of the debt or of the contractual obligations thereunder. (*Hibernia Savings & Loan Society* v. *Dickinson*, 167 Cal. 616, 623 [140 P. 265] ; 8 Cal.L.Rev. 447.) The doctrine of incorporation by reference cannot thus be tortured into the imposition of obligations which a contractee clearly did not assume.

Respondents' main contention is that appellants were in default under paragraph four of the agreement: "Purchasers agree to pay not less than $3,000.00 on the first day of January and the first day of June of each year." At the trial they insisted that the only question was whether there was a default on January 1, 1947. Appellants attempted to introduce evidence of payments of large sums prior to that date, but such evidence was excluded on respondents' objection that any payments prior to the alleged default were immaterial.

Two paragraphs of the agreement specified the sources from which payment might be made:

"Sellers hereunder shall have the right to all proceeds from the fruit or other rents, issues and profits therefrom until said obligation is paid.

"It is understood and agreed that moneys withdrawn from L. A. Trailer Service by either Houston A. Snidow or Hayden Hill may be credited against the amount due hereunder, as their interest may appear."

By various credits prior to January 1, 1947, approximately one half the contract price had been paid. Although none of the payments was made on the due dates, yet no default was declared with respect to any payment prior to that of January, 1947. Appellants attempted to introduce evidence that after June 1, 1946, an amount in excess of $10,000 was credited on the contract price by respondents.

Appellants' express purposes were to show that respondents' acceptance of sums in excess of $3,000 prior to January 1, 1947, was in accordance with the contract provision requiring payment of $3,000 on January 1, 1947, or to show that by acceptance respondents waived the requirement. The evidence should have been admitted as proof of either purpose. To prove compliance with the terms of the contract would not have violated the parol evidence rule. Paragraph 3, giving respondents the right to all proceeds from the fruit *"until said obligation is paid,"* is clearly ambiguous since it might imply that respondents were entitled to the profits as their own property or that they were obliged to apply such revenues to appellants' debt under the agreement. Therefore evidence that respondents had consistently applied all profits from the fruit to the contract price was admissible to resolve this ambiguity. (*Universal Sales Corp.* v. *California Press Mfg. Co.*, 20 Cal.2d 751, 776 [128 P.2d 665] ; *Wachs* v. *Wachs,* 11 Cal.2d 322, 325 [79 P.2d 1085].)

Since respondents had received sums aggregating in excess of $29,750 prior to the filing of the action, evidence that such receipts were accepted on the purchase price was competent to prove appellants' compliance with the agreement. The amounts thereof were also admissible to show waiver of default, if any, on such due dates. The exclusion of such evidence precluded appellants from showing waiver, which may be established either by parol or by a course of conduct. (*Singh* v. *Cross,* 60 Cal.App. 309, 317 [212 P. 946].) The facts constituting waiver having been pleaded in an affirmative defense, evidence thereof should have been admitted to substantiate a possible finding of waiver. (*Erskine* v. *Upham,* 56 Cal.App.2d 235, 247 [132 P.2d 219].) The exclusion of such evidence therefore constituted prejudical error whereby a fair trial was defeated.

The judgment is reversed.

McComb, J., and Wilson, J., concurred.