[Civ. No. 17858.   Second Dist., Div. Two.   Oct. 18, 1950.]

HOUSTON A. SNIDOW et al., Respondents, v. HAYDEN HILL et al., Appellants.

Barry Sullivan and Harry V. Leppek for Appellants.

Houston A. Snidow, in pro. per., Allard, Brownsberger, Shelton & O'Connor and L. A. Shelton for Respondents.

McCOMB, J.—This is an action to quiet title to certain real property. Defendants (1) appeal from the judgment in favor of plaintiffs, (2) purportedly appeal from (a) the order

denying a jury trial and (b) the order denying a motion for a new trial.

*Facts:* In July, 1945, plaintiffs owned a 17-acre citrus grove located in the county of Los Angeles just east of Glendora. At such time Mr. Snidow and Mr. Hill were general partners in a business known as the L. A. Trailer Service. About the 27th of June, 1945, they had a conversation culminating in an oral agreement for the purchase and sale of the citrus grove owned by plaintiffs. Under the terms of their agreement the price of the property was $55,000 including the fruit on the trees which was either picked or was in the process of being picked. Mr. Hill undertook and agreed to sell a home and a boat which he owned and to apply the proceeds toward the down payment on the grove. It was agreed that Mr. Snidow might take as much money as was or should become available out of the L. A. Trailer Service during the ensuing months and the portion of the proceeds thereof would apply toward the down payment on the grove. In addition defendants agreed to pay $3,000 on January 1 and July 1 of each year.

Pursuant to this agreement defendants entered into possession of the property. Prior to March 15, 1946, defendants had paid plaintiffs $1,000 in cash and also other monies which were applied toward the purchase price. On March 16, 1946, Mr. Snidow and Mr. Hill agreed as to the balance due on the purchase price and in May, 1946, the oral agreement between the parties was reduced to writing.*

---

*This agreement reads as follows:

"This agreement made and entered into by and between Houston A. Snidow and Mildred K. Snidow, hereinafter sometimes referred to as the seller, and Hayden Hill and Alice Hill, hereinafter sometimes referred to as the purchaser, of and concerning that certain real property consisting of approximately 17 acres located at 2020 E. Alosta Boulevard, Glendora, California, being property now owned by the sellers hereunder purchased by them from Anson Lisk, fronting approximately 660 feet on Alosta Boulevard, consisting of oranges, lemons, together with house, outbuildings and personal property located thereon, consisting of heaters and fuel oil located therein.

"The sellers hereunder hereby agree that upon the payment to them of the total sum of $55,000.00, together with interest on the deferred balance at the rate of 6% per annum, they will deliver a deed to the purchasers of said property free and clear of all encumbrances as of the date hereof, save and except taxes for the current year, accrued but not payable, title to said property to remain with said sellers until such time as the purchase price is paid in full.

"Sellers hereunder shall have the right to all proceeds from the fruit

The $3,000 payment due July 1, 1946, was paid on September 30, 1946. No other payments were made during 1946 except receipts from the fruit sold from the grove which were received by plaintiffs and applied toward the purchase price. Plaintiffs made demand on defendants for the $3,000 payment due January 1, 1947, and defendants made a partial payment thereon of $412 on January 27, 1947, and $600 on February 17, 1947. Finally on April 20, 1947, plaintiffs demanded the payment of the balance of the $3,000 due and were told that it was not going to be paid. On April 24, 1947, the present action to quiet title was filed. Defendants filed an answer praying for a judgment that they were the equitable owners of the property, and that plaintiffs be compelled to execute a conveyance and requested an accounting.

The case was tried and a judgment entered in favor of plaintiffs. This judgment was reversed on appeal. (*Snidow* v. *Hill*, 87 Cal.App.2d 803 [197 P.2d 801].) Thereafter on March 1, 1949, defendants made a motion for a jury trial which was denied. At the same time the trial judge permitted defendants to file an amended and supplemental answer. By this pleading defendants attempted to allege fraud upon the part of plaintiffs which induced defendants to enter into the contract. Upon the retrial judgment was again entered in favor of plaintiffs and the present appeals have ensued.

---

or other rents, issues and profits therefrom until said obligation is paid.

"Purchasers agree to pay not less than $3,000.00 on the first day of January and the first day of June of each year.

"Should the sellers hereunder advance any money in connection with the care, operation or maintenance of said property, said sum shall be reimbursed by the purchasers out of the first moneys received by the sellers in connection with said transaction.

"Interest on the deferred balance is to be figured on the average unpaid balance as of the 5th day of January and the 5th day of July of each year and is to be added to the principal on said dates.

"This agreement is not assignable or transferable and shall not be filed for record in the Office of the County Recorder.

"It is understood that this property is now subject to Deed of Trust in favor of Anson Lisk, *et ux*, and the terms of this agreement are subject to the terms of said Deed of Trust in addition to the terms herein, said Deed of Trust to be recorded in the Office of the County Recorder of Los Angeles County, reference to which is hereby made for particulars.

"It is understood and agreed that moneys withdrawn from L. A. Trailer Service by either Houston A. Snidow or Hayden Hill may be credited against the amount due hereunder, *as their interest may appear*.

"In Witness Whereof this document has been executed this 5th day of July, 1945, and the parties hereto agree to be bound by the terms thereof.

| (s)   HOUSTON A. SNIDOW | (s)   HAYDEN HILL |
|---|---|
| Sellers | Purchasers |

*Questions:* First: *Did plaintiff Houston A. Snidow perpetrate a fraud upon defendants or either of them?*

This question must be answered in the negative. The trial court expressly found that defendants' allegations of fraud were untrue. Defendants do not attack the sufficiency of the evidence to sustain such finding. Therefore the finding is binding upon appeal.

Second: *Was the contract uncertain as to the dates and amounts of payments due under it?*

This question must also be answered in the negative. The contract provided, "Purchasers agree to pay not less than $3,000.00 on the 1st day of January and the 1st day of June of each year." This language is clear and unambiguous. The exact dates of payment as well as the minimum amount thereof is clearly stated in the quoted provision of the contract.

Third: *Were the payments of $3,000 twice a year contingent on receipt of monies from the L. A. Trailer Service or the sale of crops?*

This question must likewise be answered in the negative. The contract provided, "Sellers hereunder shall have the right to all proceeds from the fruit or other rents, issues, and profits therefrom, until said obligation is paid." Clearly such provision was for payments to be made in addition to the minimum requirement of $6,000 a year as provided elsewhere in the contract where it said, "It is understood and agreed that moneys withdrawn from L. A. Trailer Service by either Houston A. Snidow or Hayden Hill may be credited against the amount due hereunder, as their interest may appear."

Fourth: *Were defendants in default at the time the present action was filed?*

This question must be answered in the affirmative. The trial court found that defendants were in default at the time the present action was commenced and defendants do not attack the sufficiency of the evidence to sustain such finding. Therefore it is binding upon appeal.

Fifth: *Was there a contract between the parties?*

This question must also be answered in the affirmative. The trial court found that the parties entered into the agreement hereinabove mentioned. The sufficiency of the evidence to sustain this finding is not questioned. Hence it is binding upon this court.

■ Sixth: *Were defendants entitled to recover the amount paid under the terms of the contract?*

This question must be answered in the negative. Defendants' pleadings are devoid of the necessary allegations upon which to predicate a rescission of their contract with plaintiffs. Neither do they in their answer or amended and supplemental answer seek a rescission. On the contrary, in the prayer of their original answer they ask that the court declare them to be the equitable owners of the property in question and compel plaintiffs to execute a valid conveyance thereof to them, while in the prayer to the amended and supplemental answer they ask that plaintiffs take nothing by their suit, but be required to account for all monies received from the grove. Clearly such relief is entirely inconsistent with that which defendants now seek, to wit, a rescission. (*Evans* v. *Duke,* 140 Cal. 22, 26 [73 P. 732] ; *Carpenter* v. *First Trust etc. Bank,* 11 Cal.App.2d 668, 672 [54 P.2d 495].)

■ Seventh: *Did the court properly deny defendants' motion for a jury trial?*

This point is not available to defendants on this appeal for the reason that no exception was taken or noted by them to the ruling denying a jury trial. Where no exception is taken or noted to the ruling of the trial court in accordance with the provisions of section 646 of the Code of Civil Procedure when a jury trial is denied, such order, not being within the list of orders which are deemed to have been excepted to under the provisions of section 647 of the Code of Civil Procedure, is not reviewable on appeal from the judgment. (*Estate of Magerl,* 201 Cal. 162, 167 [256 P. 204].)

1. The judgment is affirmed. 2. Since (a) an order denying a motion for a new trial, and (b) an order denying a jury trial are reviewable upon appeal from the judgment but are not appealable orders, the purported appeals from such orders are and each is dismissed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied November 6, 1950, and appellants' petition for a hearing by the Supreme Court was denied December 14, 1950. Carter, J., and Schauer, J., voted for a hearing.