[Civ. No. 17859. Second Dist., Div. Two. Oct. 18, 1950.]

HAYDEN HILL et al., Appellants, v. HOUSTON A. SNIDOW et al., Respondents.

Barry Sullivan and Harry V. Leppek for Appellants.

Houston A. Snidow, in pro. per., Allard, Brownsberger, Shelton & O'Connor and L. A. Shelton for Respondents.

McCOMB, J.—Plaintiffs appeal from a judgment in favor of defendants in an action to recover monies allegedly due plaintiffs as the result of a transaction entered into between the parties relative to a 17-acre citrus grove which is the subject of litigation between the same parties in *Snidow* v. *Hill, ante,* p. 31 [222 P.2d 958]. There are also purported appeals from the order denying their motion for a new trial and from an order denying a motion for a jury trial.

*Facts:* In June, 1945, Mr. Snidow and Mr. Hill entered into an agreement relative to the purchase and sale of a 17-

acre citrus grove owned by defendants. A dispute having arisen relative to the contract between the parties, Mr. Snidow and his wife on April 24, 1947, filed an action to quiet title to the property. In such action Mr. Hill and his wife were named as defendants. On the same date Mr. Hill and his wife filed an action in the superior court entitled, "Complaint for Reformation of Contract, Money Had and Received, and an Accounting," wherein Mr. Snidow and his wife were named as defendants. This action was predicated upon the agreement of the parties relative to the citrus grove which was the subject of the quiet title action filed by the Snidows. Thereafter Mr. Hill and his wife dismissed the suit which they had filed on April 24, 1947. The Hills filed an answer and an amended and supplemental answer to the quiet title action instituted by Mr. and Mrs. Snidow. The case was tried, and judgment was entered in favor of plaintiffs Snidow and reversed on appeal. (See *Snidow* v. *Hill,* 87 Cal.App.2d 803 [197 P.2d 801].)

On December 16, 1948, plaintiffs filed the present action in the superior court. Defendants as an affirmative defense to this action pleaded, "That there has heretofore been another action by and between the same parties arising out of the same transaction which said action is referred to in plaintiffs' complaint in paragraph XIV thereof and that in said action the plaintiffs herein omit to set forth the facts in the complaint, which facts in truth and in fact arise out of the transaction set forth in the complaint referred to and said plaintiffs are barred from now alleging a grievance arising out of said transaction."

The trial court found that the allegations in the affirmative defense above set forth were true and gave judgment in favor of defendants in the case at bar.

■ *Questions:* First: *Was the trial court's ruling correct?*

This question must be answered in the affirmative. Section 439 of the Code of Civil Procedure reads as follows: "If the defendant omits to set up a counterclaim upon a cause arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor."

This rule is well expressed by Mr. Presiding Justice Moore in *Brunswig Drug Co.* v. *Springer,* 55 Cal.App.2d 444, 449 [130 P.2d 758], where it is said, "A party cannot by negli-

gence or design withhold issues and litigate them in separate actions . . . He may not split his demands or his defenses. . . . Equity will not deal with a case by piecemeal.''

In the present case plaintiffs could have obtained all the relief which they now seek by way of a counterclaim or cross-complaint filed in the action to quiet title instituted by Mr. and Mrs. Snidow (defendants herein).

■ Second: *Should plaintiffs have been permitted a jury trial in the instant case?*

This question must be answered in the negative. The record fails to disclose that plaintiffs ever demanded a jury trial in this action though they did make a motion in the quiet title action for a jury trial which was denied.

1. The judgment is affirmed. 2. Since the order denying the motion for a new trial is nonappealable, the purported appeal therefrom is dismissed, and (3) no motion for a jury trial having been made in the instant case the purported appeal from the nonexistent order is also dismissed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied November 2, 1950, and appellants' petition for a hearing by the Supreme Court was denied December 14, 1950. Carter, J., and Schauer, J., voted for a hearing.