Filed 4/28/21  Andongella v. Weber CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| FLORENCE NICOLE ANDONGELLA,<br><br>    Plaintiff and Appellant,<br><br>      v.<br><br>DANIEL A. WEBER,<br><br>    Defendant and Respondent. | B286631<br><br>(Los Angeles County Super. Ct. No. LC105704) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elizabeth Lippitt, Judge.  Affirmed.

Florence Nicole Andongella, in pro. per., for Plaintiff and Appellant.

Daniel A. Weber, in pro. per., for Defendant and Respondent.

_____

Plaintiff Florence Nicole Andongella appeals the judgment of dismissal of her complaint against defendant Daniel A. Weber, after the trial court sustained Mr. Weber's demurrer without leave to amend. Finding Ms. Andongella has failed to follow the basic rules of appellate procedure, and that her claims of error fail on their merits, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This is the second lawsuit between these parties concerning a Reseda home purchased while Mr. Weber and Ms. Andongella were in a dating relationship. In the first lawsuit, Mr. Weber sued to quiet title in the home (and for negligence and fraud), claiming the house was exclusively his, purchased with his money, and that Ms. Andongella had filed a forged quit claim deed to obtain an interest in the property. Ms. Andongella defended the action, arguing she supplied the funds to purchase the home, and that she had acquired a 50 percent interest in the home. Ms. Andongella filed a motion for leave to file a cross-complaint to quiet title in her favor but the court denied the motion, and she never filed or sought leave to file a cross-complaint for damages.

Following a court trial, the court quieted title to the home in Mr. Weber's favor, finding he obtained the loan and made the down payment with his own funds, and that Ms. Andongella had signed leases as a tenant for the property. The court found Ms. Andongella's testimony was not credible, and any claim to the property by Ms. Andongella was barred by the doctrine of unclean hands, as she had forged the quitclaim deed. Judgment was entered in August 2016. Our division affirmed the judgment on appeal. (See *Weber v. Andongella* (Oct. 11, 2018, B278657) [nonpub. opn.].)

2

In May 2017, Ms. Andongella filed this action against Mr. Weber. Her operative complaint alleged causes of action for breach of implied contract, money had and received, open book account, unjust enrichment, and fraud. Ms. Andongella alleged Mr. Weber purchased the Reseda home, but did not have sufficient income to qualify for the mortgage or make the payments. Therefore, between 2006 and 2013, Mr. Weber used over $200,000 belonging to Ms. Andongella to pay for the home, and in exchange agreed to give her an equal interest in the property. The complaint also advanced the alternate theory that the money was a loan, and alleged a cause of action for fraud, claiming Mr. Weber unlawfully rented an "illegal unit" to Ms. Andongella that lacked a certificate of occupancy.

Mr. Weber demurred, arguing Ms. Andongella's claims arose from the same issues adjudicated in the first lawsuit, and were either litigated and decided against Ms. Andongella in that case, or should have been raised by cross-complaint in that case. Mr. Weber also argued the claims were barred by the applicable statutes of limitation. Mr. Weber's request for judicial notice in support of his demurrer included his 2014 complaint from the first lawsuit, Ms. Andongella's answer, the trial court's statement of decision, the 2016 judgment in Mr. Weber's favor, and a certificate of occupancy for the subject property.

The trial court sustained the demurrer without leave to amend and entered a judgment of dismissal. Ms. Andongella timely appealed.

## DISCUSSION

Ms. Andongella's appellate briefs do not conform with the rules of court. She does not include any citations to the record in support of her recitation of facts. (Cal. Rules of Court,

3

rule 8.204(a)(1)(C).)  Her briefs only describe her version of the facts and do not discuss the facts supporting Mr. Weber's demurrer.  (*City of Riverside v. Horspool* (2014) 223 Cal.App.4th 670, 674, fn. 3.)  Ms. Andongella does not discuss the standard of review for a demurrer, instead arguing without support in the facts or the law that she was denied due process because she was unable to adduce evidence in support of her claims.  (Cal. Rules of Court, rule 8.204(a)(1)(B).)  Failure to comply with the basic rules of appellate procedure waives any claim of error on appeal.  (See, e.g., *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.)

In any event, there is no merit to her claims.  A demurrer tests the legal sufficiency of the complaint.  We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action.  For purposes of review, we accept as true all material facts alleged in the complaint, but not contentions, deductions or conclusions of fact or law.  We also consider matters that may be judicially noticed.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Ms. Andongella claims her causes of action are "totally different causes of action" than those litigated in Mr. Weber's lawsuit.  She also claims she was never Mr. Weber's tenant, and that she allowed him to use her funds to pay for the Reseda house based on his promise she would be a co-owner of the home (in direct contravention to the express findings of the trial court in the first lawsuit).

Ms. Andongella is seeking to relitigate exactly what was decided in the earlier case, or what she should have asserted in the first case by cross-complaint.  The law does not permit her to

4

do that.  (Code Civ. Proc., § 426.30, subd. (a) ["if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which [she] has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded"]; *Hill v. Snidow* (1950) 100 Cal.App.2d 37, 39 [claims for monetary relief barred where they could have been asserted by cross-complaint in quiet title action]; see also *Daniels v. Select Portfolio Servicing, Inc.* (2016) 246 Cal.App.4th 1150, 1164 [discussing res judicata, claim preclusion, and issue preclusion].)

## DISPOSITION

The judgment is affirmed.  Each party is to bear their own costs on appeal.


GRIMES, J.

WE CONCUR:



BIGELOW, P. J.



WILEY, J.


5