Filed 1/5/26  Ticor Title Company of Cal. v. Minkovitch CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TICOR TITLE COMPANY OF CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>LINA MINKOVITCH,<br><br>    Defendant and Respondent;<br><br>YAN MINKOVITCH,<br><br>    Defendant and Appellant. | B339979<br><br>(Los Angeles County Super. Ct. No. BC701437) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elaine Lu, Judge.  Affirmed.

Yan Minkovitch, self-represented litigant, for Defendant and Appellant.

No appearance by Defendant and Respondent.

# I. INTRODUCTION

Defendant Yan Minkovitch (Yan) appeals from a judgment following a court trial, challenging various rulings made by the trial court.  We affirm.

# II. BACKGROUND

## A. *Underlying Proceedings*

We recite the underlying proceedings as described in our prior opinion (*Ticor Title Co. of California v. Minkovitch* (July 20, 2022, B312634) (*Ticor Title I*) [nonpub. opn.].)

Yan and Lina Minkovitch (Lina) married in 2007.  In 2013, they purchase a home located in Tarzana (the property) and requested that the seller transfer title to Lina, as a "married woman, as her sole and separate property."  Yan then signed an interspousal transfer grant deed transferring his interest in the property to Lina as her sole and separate property.[1]  (*Ticor Title I, supra*, B312634.)

In 2016, while Yan and Lina were in the midst of divorce proceedings, Lina decided to sell the property and opened escrow with Ticor Title Company of California (Ticor Title).  Because it had received competing claims for the property's sale proceeds, Ticor Title filed a complaint in interpleader, naming among

---

[1]    In a related family law proceeding, Yan testified that he signed the interspousal transfer grant deed because he did not want to cloud title with his tax issues.  (*In re Marriage of Minkovitch* (Oct. 16, 2020, B297022, B300374, B301994) [nonpub. opn.].)

others Yan and Lina as defendants.[2]  (*Ticor Title I*, *supra*, B312634.)

On August 16, 2019, Yan filed a cross-complaint, and, on March 13, 2020, Yan filed a first amended cross-complaint against Ticor Title for breach of fiduciary duty, negligence, and interference with prospective economic advantage.  Ticor Title filed a demurrer to the first amended cross-complaint.  On January 21, 2021, the trial court conducted a hearing on the demurrer and on March 29, 2021, the court issued an order sustaining the demurrer without leave to amend and entered a judgment of dismissal.  On July 20, 2022, we affirmed the judgment.  (*Ticor Title I*, *supra*, B312634.)

B.    *Interpleader*

On December 22, 2020, Ticor Title filed a motion for deposit of funds and discharge of liability pursuant to Code of Civil Procedure section 386.[3]  On March 29, 2021, the trial court granted Ticor Title's motion to be discharged upon its deposit of the interpleaded funds, $105,173.52.  The matter was set for trial on the remaining claims on the interpleaded funds between Lina and Yan, but was stayed pending resolution of an appeal in case number B326900, filed by Yan on March 6, 2023.  On August 9, 2023, this court dismissed that appeal based on Yan's default.

---

[2]    The United States of America was also named a party to the interpleader action.  On December 17, 2020, the United States of America was dismissed without prejudice.

[3]    Further statutory references are to the Code of Civil Procedure.

(*Ticor Title Co. of California v. Minkovitch* (Aug. 9, 2023, B326900) [nonpub. order].)

C.      *Motion for Jury Trial*

On October 30, 2023, Yan filed a motion demanding a jury trial.  On November 30, 2023, the trial court denied the motion, on the grounds that an interpleader action is an equitable proceeding and Yan therefore had no right to trial by jury.

On December 1, 2023, Yan appealed the order denying his request for jury trial in case number B334330 and, on December 21, 2023, he filed an ex parte application to stay the proceedings pending the appeal pursuant to section 916.  On December 26, 2023, the trial court denied the ex parte application.[4]

D.      *Motion to Stay Proceedings*

On February 20, 2024, the trial court set the matter for trial, which was scheduled to commence on March 8, 2024.

On February 27, 2024, Yan filed a motion, pursuant to section 916, to stay the proceedings pending the appeal in case number B334330.

---

[4]      On April 2, 2024, the Court of Appeal issued an order to show cause as to why the appeal should not be dismissed as having been taken from a nonappealable order.  Yan did not file a response and, on April 18, 2024, the court dismissed the appeal. (*Ticor Title Co. of California v. Minkovitch* (Apr. 18, 2024, B334330) [nonpub. order].)

4

On March 8, 2024, the trial court denied the motion to stay, finding that section 916, which applies only to "'perfected'" appeals, did not require a stay here because an order denying a jury trial is not appealable and is instead reviewable only by a petition for an extraordinary writ. The court also declined to exercise its inherent authority to stay the proceedings. The court continued the trial date to March 13, 2024.

E.    *Statement to Disqualify Judge*

On March 12, 2024, Yan filed a motion pursuant to section 170.1 to disqualify the trial judge. In support of his motion, Yan submitted a declaration (which we construe as a statement of disqualification) asserting that the trial judge was biased because in the March 8, 2024, order denying his motion to stay the proceedings pending appeal, the court stated, "'[t]here has been a pattern [of] gamesmanship causing undue delay.'" Yan contended that the court's statement demonstrated the court's "bias, prejudice" and that the court "believe[d] that the litigant ha[d] engaged in perjury . . . ."

On March 13, 2024, the trial court struck the statement of disqualification pursuant to section 170.4, subdivision (b)[5], finding that the reasons asserted were not legal grounds for disqualification.

---

[5]    "Notwithstanding paragraph (5) of subdivision (c) of Section 170.3, if a statement of disqualification is untimely filed or if on its face it discloses no legal grounds for disqualification, the trial judge against whom it was filed may order it stricken." (§ 170.4, subd. (b).)

5

F.   *Court Trial*

Yan and Lina filed trial briefs and exhibit and witness lists. In his witness list, Yan listed himself, Lina, and three nonparty witnesses and estimated that he would require seven hours to present testimony.

Trial commenced on March 13, 2024. Our record on appeal does not include a reporter's transcript, agreed statement, or settled statement of the trial proceedings. According to the March 13, 2024, minute order,[6] the court asked Yan for an offer of proof for each witness that he intended to call. Yan identified himself and two others as witnesses and proffered that the two non-party witnesses would corroborate his testimony "regarding Lina . . . having made promises to repay Yan . . . for the payments that he made toward the mortgage for the subject property"; and that they "would each testify that Lina . . . discussed her finances at social gatherings and get-togethers, and during these occasions, [the witnesses] each heard Lina . . . make promises that she would repay Yan . . . for all the moneys that he paid toward the mortgage for the subject property." The trial court determined that, "[i]n light of Yan['s] offer of proof," Yan "should be able to present the remainder of his evidence within 75 minutes." The court reasoned that 75 minutes was reasonable given the nature of the action and "in light of the Family Law litigation that has preceded this . . . hearing."

Lina testified at trial. Yan cross-examined her for 48 minutes. Yan then testified for another 52 minutes. "During some of Yan['s] examinations of witnesses, [he] spent time

---

[6]   The March 13, 2024, minute order was amended nunc pro tunc by a March 25, 2024, minute order.

printing out several exhibits on a printer that he had brought with him to court . . . ." Because the court had provided Yan with 100 minutes[7] to present his evidence, and he spent court time printing out exhibits, which he could have printed prior to trial, the trial court declined to extend the trial. The matter was deemed submitted after submission of Yan's written closing argument.

G.     *Ruling*

On May 30, 2024, the trial court issued its statement of decision as the final decision of the court. The court determined that, pursuant to the April 2, 2019, dissolution judgment, Lina was entitled to the entirety of the interpleaded funds.[8] On June 28, 2024, the court entered judgment in favor of Lina. Yan timely appealed.

## III.   DISCUSSION

A.     *Striking Statement of Disqualification*

Yan challenges the trial court's ruling on his motion to disqualify, arguing that section 170.3, subdivision (c)(5) required that the court transfer the motion to another judge for

---

[7]     The trial court allowed Yan more time than it had initially determined to be reasonable.

[8]     On October 16, 2020, this court affirmed the April 2, 2019, judgment. (*In re Marriage of Minkovitch, supra*, B297022, B300374, B301994.)

determination. We reject the challenge; the court's ruling is not reviewable on appeal. (§ 170.3, subd. (d); see *Dumas v. Los Angeles County Bd. of Supervisors* (2020) 45 Cal.App.5th 348, 354 ["The determination of the question of disqualification, including the striking of the objecting party's statement under section 170.4, subdivision (b), is not an appealable order. [Citation.] A party seeking review must petition for a writ of mandate 'within 10 days after service of written notice of entry of the court's order . . . .' (§ 170.3, subd. (d).)"].)

B.      *Denial of Request for Jury Trial*

Yan next argues the trial court erred by denying his request for a jury trial. Whether a party is constitutionally entitled to a jury trial is a legal question we review de novo. (*Brown v. Mortensen* (2019) 30 Cal.App.5th 931, 938.) We find no error.

"As a general proposition, '[T]he jury trial is a matter of right in a civil action at law, but not in equity.' [Citations.]" (*C & K Engineering Contractors v. Amber Steel Co.* (1978) 23 Cal.3d 1, 8.) "The California Supreme Court long ago established the principle "'that a suit in interpleader, such as this one, and involving like issues, is an equitable proceeding in which the rights of the parties as between themselves are governed by principles of equity [citations], and . . . in such cases *the right to a trial by jury does not exist . . . .*" [Citations.]' (*Union Mutual Life Ins. Co. v. Broderick* (1925) 196 Cal. 497, 502, italics added.) Even if the underlying controversy was one of law, the gravamen of an interpleader action between rival claimants to the proceeds is 'of an equitable nature,' and denial of an application for a jury

8

trial is [not] error.  (*Pomeroy v. Collins* (1926) 198 Cal. 46, 70–71.)"  (*Shopoff & Cavallo LLP v. Hyon* (2008) 167 Cal.App.4th 1489, 1514; accord, *Hood v. Gonzales* (2019) 43 Cal.App.5th 57, 71.)

Here, the interpleader sought to resolve claims to the interpleaded funds among rival claimants.  Accordingly, the proceeding here was equitable in nature, and the trial court did not err in denying Yan's motion requesting a jury trial.

## C.     *Time Limits and Exclusion of Evidence*

Yan next contends the trial court violated his due process rights when it imposed time limits for his presentation of evidence, "[e]xcluded critical witnesses without lawful basis," and "[r]ushed the proceedings to judgment" without allowing him to fully present his claims.

A litigant has a "fundamental right to a full and fair hearing."  (See *In re Marriage of Carlsson* (2008) 163 Cal.App.4th 281, 291–292 [finding trial court erred when, in the middle of a witness's examination, it announced that the trial was over and left the courtroom].)  Trial courts, however, have an obligation "to manage trials efficiently.  Efficiency is not necessarily measured by comparing the actual length of a trial with the parties' original time estimate because parties often overestimate or underestimate a trial's length.  Judges need to be proactive from the start in both assessing what a reasonable trial time estimate is and in monitoring the trial's progress so that the case proceeds smoothly without delay."  (*California Crane School, Inc. v. National Com. for Certification of Crane Operators* (2014) 226 Cal.App.4th 12, 20.)  We review the trial court's imposition of

9

time limits for abuse of discretion. (*People v. ConAgra Grocery Products Co.* (2017) 17 Cal.App.5th 51, 148.)

We reject Yan's contention that the court unfairly limited his presentation of evidence because he has provided an inadequate record on appeal. The record does not include a reporter's transcript, agreed statement, or settled statement of the oral proceedings. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented."' [Citation.] "'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.'" [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609, fn. omitted.)[9]

---

[9] Yan also argues that he "repeatedly objected, but his objections were ignored," citing to nonexistent "hearing

10

D.      *Acting "Without Jurisdiction" During Pendency of Appeal*

Yan contends the trial court acted without jurisdiction when it presided over matters after he "perfected" his appeal on March 6, 2023.  We disagree.

With exceptions not applicable here, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."  (§ 916, subd. (a).)  The appeal of a nonappealable order does not perfect an appeal.  (See *Hearn Pacific Corp. v. Second Generation Roofing, Inc.* (2016) 247 Cal.App.4th 117, 146–147 (*Hearn Pacific Corp.*) [holding untimely appeals and appeals from nonappealable orders are not subject to automatic stay under § 916]; see also *Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 666 (*Pazderka*) [if "order is nonappealable, the appeal was never perfected and the trial court retained jurisdiction over the issue"].)

As we describe above, the trial court stayed proceedings while Yan's appeal in case number B326900, filed March 6, 2023, was pending.  But that appeal was dismissed by this court on August 9, 2023, after which date the court properly proceeded with trial.

Even if Yan's argument can be construed as one that challenges the trial court's proceedings while his appeal in case number B334330, filed on December 1, 2023, was pending, that

---

transcripts."  Because he failed to provide a record of the hearing, we find no error on this ground.

11

argument also is without merit because an order denying a jury trial is not an appealable order. (*Snidow v. Hill* (1950) 100 Cal.App.2d 31, 36.) Thus, the automatic stay under section 916 does not apply and the court did not act in excess of its jurisdiction by conducting further proceedings in this case. (*Hearn Pacific Corp.*, *supra*, 247 Cal.App.4th at pp. 146–147; *Pazderka*, *supra*, 62 Cal.App.4th at p. 666.)

E.      *Dismissal of First Amended Cross-Complaint*

Yan next challenges the trial court's dismissal of his first amended cross-complaint against Ticor Title contending that he was deprived of notice and an opportunity to be heard. As discussed, on March 29, 2021, the court sustained Ticor Title's demurrer to the first amended cross-complaint and later entered a judgment of dismissal, which judgment we affirmed. (*Ticor Title I*, *supra*, B312634.) The law of the case doctrine therefore bars Yan's arguments here. (See *Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127 ["""The doctrine of 'law of the case' deals with the effect of the *first appellate decision* on the subsequent retrial or appeal: The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case." [Citation.]' [Citation.]"].)

12

F.    *Cumulative Error*

Finally, Yan argues that the trial court's purported cumulative error deprived him of a fair trial.  Assuming for purposes of discussion that the doctrine of cumulative error applied in a civil appeal, we find no such error here.  "In examining a claim of cumulative error, the critical question is whether defendant received due process and a fair trial.  (*People v. Cain* (1995) 10 Cal.4th 1, 82.)  A predicate to a claim of cumulative error is a finding of error.  There can be no cumulative error if the challenged rulings were not erroneous.  (*People v. Bradford* (1997) 15 Cal.4th 1229, 1382 [no cumulative error where court 'rejected nearly all of defendant's assignments of error'].)"  (*People v. Sedillo* (2015) 235 Cal.App.4th 1037, 1068.)

# IV.    DISPOSITION

The judgment is affirmed.  No costs are awarded on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM (D.), J.


We concur:


HOFFSTADT, P. J.


BAKER, J.


14